IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>     Respondent/Plaintiff,  ) <br> vs.                                   ) <br>                                          ) <br> LINDA BETH TROSTMAN,   ) <br> ID # 29526-177,                   ) <br>     Movant/Defendant.       ) | No. 3:02-CR-0266-R <br> No. 3:04-CV-1118-R (BH) <br> ECF <br> Referred to the U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge her federal conviction and sentence in Cause No. 3:02-CR-0266-R. The respondent is the United States of America (government).

**B. Factual and Procedural History**

On February 27, 2003, the government filed a superseding information charging movant with two counts of filing a false tax return in violation of 26 U.S.C. § 7206(1). On that same date, movant waived indictment, entered into a plea agreement with the government, signed a factual resume in which she admitted facts sufficient to support her plea, and appeared before the Court for rearraignment. Within the factual resume, movant admitted that between 1995 and April 2002, she

embezzled approximately $ 4.2 million from her employer, the Newt Walker Company, and its owner, John Newton Walker. She further admitted that to accomplish her theft, she would alter and forge checks, use Walker's credit cards without authorization, and wire-transfer funds from Walker's investment account without authorization.

On May 20, 2003, the Court held a sentencing hearing during which it specifically considered and adopted an Amended Presentence Report (PSR) prepared by a probation officer on April 11, 2003. The Amended PSR characterized the Internal Revenue Service as "the victim in this case based on the defendant's offenses of conviction" and Mr. Walker as "the indirect victim of this offense." Based on the Sentencing Guidelines in effect on the date of the offenses of conviction (the 2000 version), the report stated a base offense level of nineteen and an adjusted base amount of twenty-two after the following adjustments:

> (1) adding two levels for a specific offense characteristic, *i.e.*, failing to report income in excess of $10,000 that was derived from her criminal activity;
>
> (2) adding two levels for a victim related adjustment, *i.e.*, movant knew the victim (Mr. Walker) suffered from extreme dyslexia and knew she had carte blanche to his finances because of his vulnerability;
>
> (3) adding two levels for abusing a position of trust;
>
> (4) subtracting three levels for her acceptance of responsibility.

For an offense level of twenty-two at a criminal history category I, the 2000 guidelines provided a range of punishment of forty-one to fifty-one months. The report also indicated, however, that the circumstances of the case provided an adequate basis to upwardly depart from the guideline range under USSG §§ 5K2.0 and 5K2.3. On May 22, 2003, the Court entered judgment and sentenced movant to thirty six months imprisonment on each count, to run consecutively only to the extent

necessary to achieve a total aggregate sentence of sixty three months – the upper guideline range after its upward departure from the calculated guideline range.

Movant did not appeal her conviction or sentence. Instead, she filed the instant *pro se* motion pursuant to 28 U.S.C. § 2255 in May 2004.[1] The government thereafter filed its response. Movant filed supplemental documents in July 2004 and February 2005 in which she raises claims under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

## C. Substantive Claims

Movant seeks to vacate, set aside, or correct her conviction and sentence because she received ineffective assistance of counsel when her trial attorney failed to (1) object to the Court's failure to group her counts; (2) object and oppose restitution; (3) adequately advise her regarding her plea; and (4) provide accurate and lawful argument in opposition to the enhancement of her sentence and the Court's upward departure.[2] In supplemental briefing, she raises claims under *Blakely* and *Booker*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that her attorney rendered ineffective assistance with respect to her plea and during sentencing. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges she was denied effective assistance of counsel in the

---

[1] The motion contains two distinct parts – (1) a five-page non-standard motion to correct sentence and (2) an attached motion submitted on the standard federal form for motions filed pursuant to 28 U.S.C. § 2255. When necessary for clarity, the Court will refer to the parts as non-standard and standard.

[2] The Court lists movant's claims in the order presented in her non-standard motion.

3

context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that h[er] attorney actually erred, but also that [s]he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges her plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* In the context of ineffective assistance of counsel at sentencing, prejudice is established if the movant demonstrates that her sentence was increased by the deficient performance of her attorney. *Glover v. United States*, 531 U.S. 198, 200-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that her sentence would have been less harsh. *See id.* at 200. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

### A. <u>Inadequate Advice</u>

In her third claim, movant claims that her attorney failed "to advise [her] properly of every ramification of signing a plea agreement that offered her very little." Although she does not specifically allege that such advice rendered her plea involuntary, the Court finds that the record in this case supports finding her plea voluntary. (*See generally* Tr. Plea, doc. 32.) Movant, furthermore, has not shown a reasonable probability that, but for the alleged deficiency of counsel, she would not have pled guilty and would have insisted on going to trial. Consequently, her claim of inadequate advice does not entitle her to relief under 28 U.S.C. § 2255.

### B. <u>Grouping</u>

In her first claim, movant claims that her attorney failed to object to a an alleged failure of the Court to group her counts in accordance with USSG § 3D1.2(d). However, as shown by ¶ 51 of the Amended PSR (copy received under seal) and the transcript of sentencing in which the Court adopted that report (*see* Tr. Sentencing at 5), the Court determined her base offense level by calculating the total amount of tax loss as required by the grouping rules. Counsel thus had no basis to object, and thus did not render deficient representation by failing to do so. "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Nor is "counsel . . . required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Counsel need not assert and pursue frivolous objections or challenges to render effective assistance. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). This claim entitles movant to no relief.

C. <u>Restitution</u>

In her second claim, movant claims that her attorney did not object to or oppose restitution. Because this claim does not relate to unlawful custody it is not "cognizable under § 2255." *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). Furthermore, the ineffective assistance claim has no merit because movant has demonstrated no prejudice.

> [W]hen a prisoner asserts an ineffective assistance of counsel claim under § 2255, he [or she] must satisfy *Strickland's* prejudice requirement by showing harm that relates to his [or her] custody. That is, if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255; if, as here, it relates only to the imposition of a fine [(or restitution)], h[er] claim falls outside § 2255.

*Id.* For these reasons, this ineffective-assistance claim entitles movant to no relief under § 2255.

D. <u>Sentencing Enhancements</u>

In her fourth claim, movant claims that her attorney (1) failed to adequately oppose the enhancement of her sentence under USSG § 3A1.1(b)(1) for victimizing a vulnerable person; (2) failed to oppose the enhancement of her sentence under § 3B1.3 for abusing a position of trust; and (3) failed to adequately oppose the Court's upward departure.

   1. *Vulnerable Victim*

Movant claims that her attorney rendered ineffective assistance by failing to adequately oppose the enhancement of her sentence under USSG § 3A1.1(b)(1) (2000). She argues that the enhancement does not apply to her because (1) Mr. Walker was an indirect victim; (2) she gave all her assets to him; and (3) his dyslexia should not make him vulnerable. The government argues that (1) counsel objected to the enhancement on two grounds; (2) "indirect victims are not excluded from the coverage of section 3A1.1(b)(1)"; (3) movant fails to show how giving her assets to the

victim is relevant to his vulnerability; and (4) movant fails to show what more counsel could have argued. The government thus asserts that movant has failed to show deficient representation.

Section 3A1.1(b)(1) provides for a two-level increase in offense level when "the defendant knew or should have known that a victim of the offense was a vulnerable victim." The application note for § 3A1.1 provides in relevant part:

> For purposes of subsection (b), "vulnerable victim" means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.

Paragraph 53 of the Amended PSR recommends such enhancement because "[t]he defendant knew the victim suffered from extreme dyslexia and knew she had carte blanche to the victim's finances without redress because of this vulnerability." Defense counsel lodged two objections to this two-level increase. He first argued that dyslexia did not make the victim unusually vulnerable or particularly susceptible to criminal conduct. He also argued that movant had carte blanche to the victim's finances not due to his dyslexia, but because she held a position of trust. The Court implicitly overruled those objections when it accepted the calculations in the Amended PSR.

As argued by the government, § 3A1.1(b)(1) does not exclude indirect victims. Although by its express terms, an adjustment is warranted under § 3A1.1(b)(1) only when the "victim of the offense was a vulnerable victim", the term 'offense' is defined as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant conduct) unless a different meaning is specified or is otherwise clear from the context", *see* § 1B1.1, cmt. n.1(l). Nothing in the text of § 3A1.1(b)(1) specifies a different meaning or otherwise clearly indicates a different meaning.

7

Furthermore, although the application notes define the term "vulnerable victim" as a person "who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)", such notes do not specify a different meaning to the term "offense" used in § 3A1.1(b)(1) or otherwise clearly indicate a different meaning.  While one could read such definition literally to require the person to be a victim of both the offense of conviction and any relevant conduct, such literal reading would narrow the scope of the definition contrary to the stated reason for amendment in 1997.  *See* USSG App. C, amend. 564.  In a well-reasoned, persuasive opinion, furthermore, the Third Circuit has specifically rejected a narrow reading of victim, and held that, for purposes of § 3A1.1, a victim is "anyone hurt by conduct for which the defendant is accountable under § 1B1.3."  *See United States v. Zats*, 298 F.3d 182, 186-87 (2002) (finding that a victim of a person convicted of mail and wire fraud and tax evasion related to debt collection practices includes the debtors even though the "direct victims of his crime" were the creditors).  *See also United States v. Monostra*, 125 F.3d 183, 189 (3d Cir. 1997) (applying enhancement when defendant defrauded a small business in the course of defrauding a bank); *United States v. Cruz*, 106 F.3d 1134, 1137 (3d Cir. 1997) (applying enhancement when the defendant sexually assaulted a twelve-year-old in the process of stealing a car and later pled guilty only to carjacking).

In *Zats*, the Third Circuit relied on the application notes for its definition of victim, and specifically rejected the argument that the notes require a victim to be "victim of the offense of conviction *and* any conduct for which the defendant is accountable under § 1B1.3."  *See* 298 F.3d at 187 (quoting § 3A1.1, cmt. n.2 with added emphasis).  Although it found "the use of 'and' here troubling", it found that the obvious intent was "to define 'victim' to mean anyone hurt by conduct for which the defendant is accountable under § 1B1.3."  *Id.*  It declined to construe the provision

8

"to produce absurd results plainly inconsistent with the drafters' intentions." *Id.* Although the Fifth Circuit has recognized that the government is the direct victim of tax offenses, *see United States v. Haltom*, 113 F.3d 43, 46 (5th Cir. 1997) (noting that "[t]he mail fraud damaged the private financial interests of Haltom's corporate clients; the tax offenses harmed the government"), it has also shown an inclination to broadly construe the term "victim" as used in § 3A1.1(b)(1), *see United States v. Bachynsky*, 949 F.2d 722, 735-36 (5th Cir. 1991) (finding patients of a doctor convicted of defrauding insurance companies and the government were vulnerable victims within the meaning of § 3A1.1). In light of the foregoing, the Court finds no deficiency of counsel in failing to assert an objection to the § 3A1.1 enhancement on the basis of Walker's status as an indirect victim in the underlying criminal action.

In addition, counsel was not deficient for failing to object to the enhancement based upon movant's transfer of assets to Mr. Walker. That movant has given her assets to Mr. Walker simply has no bearing on the applicability of § 3A1.1(b)(1). Additionally, because counsel specifically objected to the § 3A1.1(b)(1) adjustment on the ground that Walker's dyslexia did not make him vulnerable, the record does not support finding him deficient for not raising such objection.

For all of these reasons, the alleged ineffective assistance of counsel related to the § 3A1.1(b)(1) enhancement entitles movant to no § 2255 relief.

### 2. *Position of Trust*

Movant claims that her attorney rendered ineffective assistance by failing to oppose the enhancement of her sentence under USSG § 3B1.3 (2000) for abusing a position of trust. She argues that as "an administrative assistant and office manager," such enhancement did not apply to her.

Section 3B1.3 provides for a two-level increase in offense level when "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." The application note for § 3B1.3 provides in relevant part:

> "Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this enhancement to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult). This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.

That one may hold a position of administrative assistant or office manager does not make § 3B1.3 inapplicable to that person. *See, e.g., United States v. Cruz*, 317 F.3d 763, 766-67 (7th Cir. 2003) (upholding a § 3B1.3 enhancement for an office manager); *United States v. Heavy Runner*, 47 Fed. App'x 490, 493 (9th Cir. 2002) (upholding such enhancement for an administrative assistant who "illegally divert[ed] funds into an unauthorized account and us[ed] a portion of those funds for her own personal benefit").

In this instance, the probation officer relied on an October 30, 2002 letter from Mr. Walker wherein Walker indicated in pertinent part:

> Ms. Trostman stole, stole, and stole until she depleted all my savings of 23 years, money I worked for hard and honestly. She has put my family and me in a position that is almost unimaginable. . .the person who I totally trusted with all aspects of my personal and professional life betrays my trust, turns my world upside down and damn

> near kills me. If Ms. Trostman needed a kidney, I would have given her mine. I totally trusted this woman. She pretended to be a God fearing Christian, going to church several times a week. Never could I have imagined that beneath that sweet and kind demeanor lay a vicious and cunning thief.

(Am. PSR at 10.) In her factual resume, furthermore, movant admitted to accomplishing her theft in part by using Walker's credit cards and making wire transfers without authorization. In addition, through her attorney, she argued that she did not victimize Walker due to his dyslexia but because she held a position of trust.

From the facts presented to the Court, it appears that movant clearly abused a position of trust. The facts show that movant had access to confidential financial information necessary to use Walker's credit cards and make wire transfers from his investment account. Her managerial discretion was of such magnitude that she embezzled more than four million dollars over a seven-year period. There is no question that her unfettered access to Walker's finances facilitated her undetected embezzlement. Given her role as "office manager", furthermore, it naturally follows that Walker afforded her managerial discretion. Movant provides no basis for an objection to the Court's enhancement of her offense level pursuant to § 3B1.3, and the Court finds no deficiency of counsel related to the failure to object to such enhancement. This claim entitles movant to no relief.

### 3. *Upward Departure*

Movant lastly claims that her attorney rendered ineffective assistance when he failed to adequately oppose the Court's upward departure of her sentence pursuant to USSG §§ 5K2.0 and 5K2.3 (2000). She argues that the upward departure creates a huge disparity between her sentence and others who have committed similar crimes, including Enron executives.

11

Section 5K2.0 provides the Court a general discretionary authority to depart from the applicable guideline range when "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Section 5K2.3 provides a specific policy statement related to an upward departure for extreme psychological injury.

In a sentencing memorandum submitted to the Court, counsel specifically urged the Court not to upwardly depart from the guideline range because the case falls within the "heartland of cases contemplated by the Sentencing Commission"; because "Walker did not sustain 'extreme psychological injury'"; and because movant cooperated with the investigation of her offenses well beyond the requirements for acceptance of responsibility. Movant merely argues that her attorney failed to provide accurate and lawful argument against the upward departure. She identifies no authority or argument that her attorney should have presented. Although she asserts that the departure, creates a huge sentencing disparity between her sentence and sentences for similar crimes, she cannot rely on sentences received by others as a proper yardstick for her own sentence. *United States v. Castillo-Roman*, 774 F.2d 1280, 1283-84 (5th Cir. 1985). The record before the Court fully supports the upward departure from the guideline range in this case. In view of the discretionary nature of the upward departure, the Court finds no deficiency of counsel related to his opposition to the upward departure. Movant, moreover, has shown no reasonable probability that had counsel presented different argument against the departure, the Court would not have departed from the guideline range. In short, movant has shown no deficiency of counsel or prejudice related to the departure. Accordingly, this claim entitles her to no relief.

## III. *BOOKER* AND *BLAKELY* CLAIMS

In supplemental briefing, movant raises claims under *Blakely* and *Booker*. Claims based upon those cases, however, are not cognizable on collateral review. *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation which holds that *Booker* and *Blakely* claims are not cognizable in a § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005); *cf. United States v. Fountain*, Nos. 3:03-CR-329-G(09), 3:05-CV-1224-G, 2005 WL 1502054, at *1 (N.D. Tex. June 24, 2005) (findings, conclusions, and recommendation which holds that a *Booker* claim is not cognizable in a § 2255 motion), *adopted by* 2005 WL 1679339 (N.D. Tex. July 18, 2005).

Because claims based upon *Blakely* and *Booker* are not cognizable on collateral review, it is clear that movant is entitled to no relief on the claims raised in her supplemental briefing.

## IV. EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 3rd day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE